United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 8, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-11259
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

LUIS ESTRADA,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:04-CR-18-ALL
--------------------

Before SMITH, GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

    Luis Estrada appeals his guilty-plea sentence for aiding and
abetting the transportation of illegal aliens within the United
States, in violation of 8 U.S.C. § 1324(a)(1)(A)(ii) and 18
U.S.C. § 2.

    Estrada renews his argument, preserved in the district
court, that in light of the Supreme Court's decision in <u>Blakely
v. Washington</u>, 542 U.S. 296 (2004), his Sixth Amendment rights
were violated when the district court assessed a two-level

---

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

enhancement to his sentence pursuant to U.S.S.G. § 2L1.1(b)(5) for creating a substantial risk of death or serious bodily injury to his passengers based solely on judicially found facts.

Where, as here, an error under United States v. Booker, 125 S. Ct. 738 (2005), has been preserved in the district court, we "will ordinarily vacate the sentence and remand, unless we can say the error is harmless under Rule 52(a) of the Federal Rules of Criminal Procedure."  United States v. Pineiro, 410 F.3d 282, 284 (5th Cir. 2005) (internal quotation marks and citation omitted).  "The government bears the burden of showing that the error was harmless beyond a reasonable doubt."  Id.  To meet this burden, the Government must show that the Booker error did not affect the sentence that the defendant received, i.e., it must show "that the district court would have imposed the same sentence absent the error."  Id.

The district court sentenced Estrada to the top of his guidelines range, but this factor is not conclusive to show that any error was harmless.  Cf. United States v. Rodriguez-Gutierrez, ___F.3d___, No. 04-30451, 2005 WL 2447908 at ** 2-3 (5th Cir. Oct. 5, 2005) (holding, under a plain error standard of review, that a sentence at the maximum end of the guidelines range is strong but not conclusive evidence that the district court would not have imposed a lesser sentence under an advisory guidelines scheme).  Although the district court also found such a sentence to be "adequate" to meet the sentencing objectives of punishment

and deterrence, the record contains no other indication by the district court that it would have imposed the same sentence absent <u>Booker</u> error.  The Government thus cannot meet its burden.

Accordingly, Estrada's sentence is VACATED and the case is REMANDED for resentencing.

VACATED AND REMANDED.