**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**May 29, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-61073
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAMES EDWARD JOHNSON, JR.,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 4:05-CR-20-1

Before GARWOOD, CLEMENT and PRADO, Circuit Judges.

PER CURIAM:*

James Edward Johnson, Jr., appeals his guilty-plea conviction
and 240-month sentence for aggravated sexual abuse of a minor on an
Indian reservation, in violation of 18 U.S.C. § 2241. He contends
that the district court erred in denying his motion to withdraw his
guilty plea, made during the sentencing hearing, because the
district court wrongly believed that the request was untimely.

---

*Pursuant to 5TH CIR. R. 47.5 the Court has determined that this
opinion should not be published and is not precedent except under
the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Johnson has not established that the denial of his motion constituted an abuse of discretion. *See United States v. Powell*, 354 F.3d 362, 370 (5th Cir. 2003); *United States v. Carr*, 740 F.2d 339, 343-44 (5th Cir. 1984).[1]

Johnson also contends that the district court committed reversible error by failing to provide him notice of its intent to impose an upward sentence from the Guidelines. "[S]entencing courts are not required to give pre-sentencing notice of their *sua sponte* intention to impose a non-Guidelines sentence." *United States v. Mejia-Huerta*, 480 F.3d 713, 722 (5th Cir. 2007), *petition for cert. filed* (U.S. Apr. 18, 2007) (No. 06-1381). Indeed, at sentencing the court offered the defense more time to prepare if desired, but the defense did not respond. Johnson further asserts that the district court failed to calculate the applicable guidelines range before it imposed the upward variance.[2] He also

---

[1] Among other things, Johnson has not, since his plea, which was entered months post-*Booker*, ever asserted his innocence or that he at any time lacked adequate assistance of counsel, or that his plea was other than knowing and voluntary; indeed no reason whatever was ever stated in support of the motion to withdraw.

[2] The district court had before it at sentencing, as did the parties, the PSR, which calculated the guideline range at 135-168 months. Neither party then or thereafter objected to the PSR's calculation of the guideline range, and it is plain that that calculation was and is accepted by all concerned. The defendant objected to two unrelated portions of the PSR, one of which objections was overruled (a ruling not complained of on appeal) and the other of which was not ruled on because it concerned a possible ground for departure and the court expressly stated its election to impose a non-guideline sentence. The court at sentencing also stated "[t]he court has considered the advisory guideline

contends that the district court failed to provide sufficient or appropriate reasons for the variance. His contentions are without merit. *See United States v. Smith*, 440 F.3d 704, 707 (5th Cir. 2006).[3]

Finally, Johnson maintains that the 120-month sentence received was unreasonable because the Guidelines took into account all the factors considered by the district court in imposing the variance. He is incorrect in this assertion. Johnson has not established that the sentence he received is unreasonable. *See id.* at 706-10. The judgment of the district court is

AFFIRMED.

---

computation and the sentencing factors under . . . Section 3553(a)", and its written statement of reasons likewise reflects its determination of the guideline range as being 135 to 168 months.

[3] At the sentencing hearing the court stated at length its particular reasons for imposing a non-guideline sentence and for the particular sentence which it pronounced. Similarly, the court's written statement of reasons specifically stated that it "imposed a sentence outside the advisory sentencing guideline system" and identified the several relevant provisions of 18 U.S.C. § 3553(a) relied on in selecting the sentence imposed.