# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 15, 2008

Charles R. Fulbruge III
Clerk

No. 07-20418
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

ARCANGEL RAFAEL ALFARO-PICHINTE, also known as Arcangel R Pichinte-Alfaro

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:06-CR-451-1

Before WIENER, GARZA, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Arcangel Rafael Alfaro-Pichinte (Alfaro), appeals the sentence imposed after he pleaded guilty to illegally reentering the United States. The district court deviated from the advisory guidelines range of 6-12 months to impose a non-guideline sentence of 21 months.

We review sentences for "unreasonableness" in light of the sentencing considerations set forth in 18 U.S.C. § 3553(a). United States v.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Sanchez-Ramirez, 497 F.3d 531, 534 (5th Cir. 2007). The guidelines provide but a "rough approximation" of a sentence that will meet all the objectives of § 3553(a). See Rita v. United States, 127 S. Ct. 2456, 2464-65 (2007).

Alfaro contends that the non-guideline sentence was unreasonable because the district court based it on factors already adequately accounted for by the guidelines. The district court's grounds for the variance went beyond the rough approximation of the guidelines to include the dangerous nature of Alfaro's DWI and assault crimes, the accelerated pace of his convictions, his lack of maturity and responsibility despite his age, his acute disregard for the law as shown by his frequent and repeated illegal entries, the failure of prior lenient sentences to have a deterrent effect, and Alfaro's evident inability to control his drinking while not incarcerated. The court did not base the sentence on factors already considered by the advisory guidelines. It implicitly viewed the facts in this case as more egregious than a typical illegal reentry crime by another defendant with Alfaro's criminal history score. See Sanchez-Ramirez, 497 F.3d at 535.

Alfaro contends that the sentence was unreasonable because the district court did not consider a guideline-based departure under U.S.S.G. § 4A1.3. We rejected a contention like this in United States v. Mejia-Huerta, 480 F.3d 713, 723 (5th Cir. 2007). As in Mejia-Huerta, the non-guideline sentence was not based solely on under-represented criminal history under § 4A1.3, but "on a number of § 3553(a) factors, including extensive criminal history, the need to promote respect for law, deterrence of future criminal conduct, and the need to protect the public." Mejia-Huerta, 480 F.3d at 723. As we emphasized in Mejia-Huerta, "§4A1.3 applies only to departures - based on unrepresentative criminal history" and is by its own terms irrelevant to non-guideline variances. Id. at 723.

Alfaro contends that the district court did not give due consideration to the 75% disparity between the maximum guideline sentence of 12 months and his sentence of 21 months. Alfaro does not address any specific factor that the court

found to distinguish him from others who have illegally reentered the United States and who may have similar criminal history scores. "Citing one case in which a lower sentence was imposed clearly cannot establish an unwarranted disparity." Sanchez-Ramirez, 497 F.3d at 536 n.4. Alfaro does not compare his sentence to that of any other defendant and thus makes only the general and unremarkable assertion that non-guideline sentences are different than guideline sentences.

Alfaro has failed to show that the district court imposed an unreasonable sentence under any standard of review that might apply to the review of a sentence. The judgment of the district court is AFFIRMED.