IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 7, 2008

Charles R. Fulbruge III
Clerk

No. 07-51025
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

MILTON ISMAEL GIL-CRUZ,

Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:07-CR-168-ALL

Before SMITH, BARKSDALE, and ELROD, Circuit Judges.

PER CURIAM:[*]

Milton Ismael Gil-Cruz ("Gil") appeals his 24-month non-Guidelines sentence after pleading guilty to illegal reentry into the United States in violation of 8 U.S.C. § 1326. Gil first argues that the district court committed significant procedural error by failing to consider whether fast-track programs in other districts created an unwarranted sentencing disparity in violation of its

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

duty under 18 U.S.C. § 3553(a)(6). Because Gil objected to this issue before the district court, we review for harmless error. See United States v. Olano, 507 U.S. 725, 734 (1993) (stating that harmless error applies when a defendant makes a timely objection to an error). The argument that an unwarranted sentencing disparity exists is foreclosed in this circuit. See United States v. Gomez-Herrera, 523 F.3d 554, 562-63 (5th Cir. 2008) (holding that any sentencing disparity resulting from implementing fast-track programs is not unwarranted within the meaning of § 3553(a)(6)). Accordingly, any error arising from the district court's refusal to consider Gil's argument regarding unwarranted sentencing disparities is harmless. See United States v. Mejia-Huerta, 480 F.3d 713, 720 (5th Cir. 2007) (noting that an error is harmless and must be disregarded "if it does not affect the outcome of the district court proceedings"), cert. denied, 2008 U.S. LEXIS 5210 (U.S. June 23, 2008) (No. 06-1381).

Gil similarly contends that the district court committed procedural error by failing to independently assess the seriousness of his offense and by relying instead on Congress's determination that the offense is serious. We again review for harmless error because Gil timely objected to this issue at sentencing. See Olano, 507 U.S. at 734. Contrary to Gil's argument, the record shows that the district court assessed the seriousness of Gil's illegal reentry offense based on its particular nature and circumstances. Specifically, the district court considered Gil's many reasons for illegally reentering the United States. Gil's counsel stated: "[Gil] came from El Salvador because of the poverty there and also because he's lived [in the United States] most of his life and he wanted to help his mother who is elderly and has . . . heart problems. . . . Also [Gil's offense] is not . . . a serious crime. He crossed a political boundary to reunite with his family . . . ." The district court responded, "Congress has already said it's serious for prior convicted felons to return to the United States after they've been deported. . . . [Also,] according to what you told the law enforcement officers, you were going to Houston to find employment. You weren't going to California to

be with your family, either your mother or your two children, so I take note of that as well. . . . [And,] I believe . . . Gil believes he is entitled to be in the United States because he's been here a long time." While it is true the district court stated that Congress had determined the offense of illegal reentry is serious, the district court also individually assessed the particular nature and circumstances of Gil's reentry offense. Accordingly, the district court did not err. See id.

Moreover, even assuming arguendo that the district court erred by failing to consider the seriousness of Gil's offense, any such error was harmless because the district court would have imposed the same sentence. See United States v. Pineiro, 410 F.3d 282, 285 (5th Cir. 2005) (explaining that an error is harmless if it does not affect the sentence received). Gil asserts that if the district court had considered his claim that he reentered the United States to help his family, the district court would have concluded that the relative seriousness of his reentry offense militated in favor of a within-Guidelines sentence. However, at sentencing the district court considered the nature and circumstances of Gil's reentry offense, including his claim that he reentered to find employment to support his family. Based on this consideration and on several other § 3553(a) factors, the district court determined, "I don't think that [Gil] respects the law [given that this is his third illegal reentry]. I don't think it's just punishment for [Gil] to be facing [a within-Guidelines sentence of] 14 months with such a serious criminal history, some of it in the very recent past, and I don't think that anything we do short of punishing the defendant is going to deter any future criminal conduct on his part." The district court concluded that "the advisory [G]uidelines are not adequate and that a fair and reasonable sentence can only be achieved with a sentence outside of the advisory range." This shows that the district court determined that Gil's reasons for reentering the United States did not warrant a within-Guidelines sentence. Accordingly, the district court would not have imposed a within-Guidelines sentence in any event, and the alleged error was, at most, harmless error. See id.

Gil further argues that the district court violated Federal Rule of Criminal Procedure 32(h) by not providing him with pre-hearing notice of its intention to impose an above-Guidelines sentence. Because Gil raises this argument for the first time on appeal, we review for plain error only. See United States v. Jones, 444 F.3d 430, 443 (5th Cir. 2006) (noting that plain error review applies to unraised issues regarding lack of reasonable notice under Rule 32(h)). The Supreme Court recently resolved the circuit split regarding whether Federal Rule of Criminal Procedure 32(h) requires a district court to give pre-sentencing notice of its intention to impose Guidelines "variances"— that is, to impose non-Guidelines sentences. See Irizarry v. United States, __ U.S. __, No. 06-7517, 2008 WL 2369164, at *4 (June 12, 2008). The Court held that Rule 32(h) is inapplicable to Guidelines variances. Id. Accordingly, the Fifth Circuit's current law on this issue remains binding. See Mejia-Huerta, 480 F.3d at 716 (holding that pre-sentencing notice is not required to impose a non-Guidelines sentence). Therefore, in the instant case, the district court was not required to give prior notice, and Gil has not demonstrated plain error. See id; Jones, 444 F.3d at 436.

Gil finally contends that his sentence is unreasonable because it does not meet the sentencing objectives of § 3553(a). We review this issue for abuse of discretion. See Gall v. United States, 128 S. Ct. 586, 597 (2007) (stating that appellate courts review sentences for reasonableness under the abuse-of-discretion standard). The record shows that the district court properly considered the requisite § 3553(a) factors and based its decision to upwardly vary from the Guidelines primarily on § 3553(a)(1) and (2). The district court considered Gil's various reasons for illegally reentering the United States, including his claim that he reentered to support his family, and noted that Gil believed he was entitled to be in the United States given his long residency. Reasoning that this was Gil's third illegal reentry, with two reentries following felony convictions, the district court concluded that Gil did not respect the law. The district court further relied on the seriousness of Gil's criminal history,

including his unscored prior drug-trafficking conviction, and stated that defendants with similar convictions usually receive 16-level sentencing enhancements. The district court determined that in light of Gil's characteristics and of the nature and circumstances of his offense, an above-Guidelines sentence was required to reflect the seriousness of his offense, to promote respect for the law, to provide just punishment, and to deter criminal conduct. See § 3553(a)(1)-(2). Accordingly, the district court did not abuse its discretion in imposing Gil's 24-month sentence. See Gall, 128 S. Ct. at 597.

For the foregoing reasons, the district court's judgment is AFFIRMED.