# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 5, 2009

Charles R. Fulbruge III
Clerk

No. 08-30668
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

CINDY MARIE LONDO

Defendant-Appellant

consolidated with
No. 08-30669

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

MONICA RENE BRUMFIELD

Defendant-Appellant

Appeals from the United States District Court
for the Western District of Texas
USDC No. 6:07-CR-60015-1

Before HIGGINBOTHAM, BARKSDALE, and ELROD, Circuit Judges.

PER CURIAM:[*]

Cindy Marie Londo and Monica Rene Brumfield, whose cases have been consolidated on appeal, were involved in a scheme to defraud the Social Security Administration. Londo pleaded guilty to one count of conspiracy to commit social-security fraud, in violation of 18 U.S.C. § 371; Brumfield, to one count of making a false statement to a government agency, in violation of 18 U.S.C. § 1001.

The advisory guideline range of imprisonment for both Londo and Brumfield was 15 to 21 months. Londo contended at sentencing that her criminal-history score over-represented her past crimes; Brumfield, that the court should consider the difficult circumstances of her life when determining her sentence. The district court imposed sentences outside the advisory guideline range, requiring Londo and Brumfield each to serve 60 months in prison.

Londo and Brumfield contend their sentences are substantively unreasonable because their respective criminal histories were adequately and accurately represented in the presentence report. Because Londo and Brumfield present different contentions on appeal than they presented in district court, review is only for plain error. *E.g., United States v. Green*, 324 F.3d 375, 381 (5th Cir. 2003) (observing that, where a contention on appeal differs from that raised in district court, our review is for plain error).

In selecting the sentences, the district court appropriately considered the advisory sentencing guidelines and the sentencing factors set forth at 18 U.S.C. § 3553(a). *United States v. Booker*, 543 U.S. 220 (2005); *United States v. Gall*,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

128 S. Ct. 586, 596-97 (2007). The court found the 60-month sentences appropriate in the light of Londo's and Brumfield's personal and criminal histories, their likelihood of recidivism, the need to promote respect for the law, the need to provide a deterrent to future criminal behavior, and the need to protect the public. *See, e.g., United States v. Smith*, 417 F.3d 483, 491-93 (5th Cir. 2005) (post-*Booker*, affirming a departure from a range of 33 to 41 months to a statutory maximum of 120 months on the basis that Smith was "a habitual criminal who has not been deterred by probation or parole, supervision, brief jail terms, or prison sentences").

Finally, the 186% upward deviation in issue here, although substantial, is less than, or approximately equal to, other guideline departures and deviations affirmed in this circuit post-*Booker* and post-*Gall*. *See, e.g., United States v. Mejia-Huerta*, 480 F.3d 713, 716-19, 723-24 (5th Cir. 2007) (affirming upward deviations of 140%, 134%, 344%, and 122% from the advisory guideline ranges), *cert. denied*, 128 S. Ct. 2954 (2008).

Accordingly, neither the district court's variance from the advisory guidelines range nor the extent of the variance constitutes plain error. *See Gall*, 128 S. Ct. at 596-97.

AFFIRMED.