# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 3, 2010

No. 09-51057
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

FREDERICK RONNELL LOFTEN, also known as Fredrick R. Loften,

Defendant–Appellant.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:09-CR-123-1

Before WIENER, PRADO, and OWEN, Circuit Judges.

PER CURIAM:[*]

Frederick Ronnell Loften appeals his conviction and sentence for violating Texas Penal Code § 22.04(a)(3) by causing injury to a child on the Fort Hood Military Reservation.  The offense is assimilated into federal law by the Assimilative Crimes Act (ACA), 18 U.S.C. §§ 7(3), 13, which makes state law applicable to conduct occurring on lands acquired by the federal government when the act or omission is not made punishable by an enactment of Congress.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Loften argues that the ACA does not incorporate § 22.04 because the federal statute criminalizing simple assault, 18 U.S.C. § 113(a)(5), governs his conduct. At least, he contends that he should have been punished under § 113. Loften further argues that the district court erred by failing to apply the Sentencing Guidelines in his case. *See* U.S.S.G. § 2X5.1. He notes that his sentencing range under what he contends is the most analogous Guideline, § 2A2.3, would have been lower than the two-year minimum term of imprisonment that § 22.04 mandated for his offense. He thus contends that the state minimum sentence should have become his sentencing range. *See* U.S.S.G. § 5G1.1(b). Loften argues that the district court erred by failing to give him notice that it intended to impose a sentence that exceeded the minimum sentence, and by failing to state its reasons for the decision in open court. Finally, Loften argues that the district court erred by failing to consider the availability of probation under state law.

At sentencing Loften preserved his final argument for review by requesting a sentence of probation. The arguments Loften made in the district court were not sufficient to put the district court on notice of the basis of the remaining arguments he now raises on appeal. *See United States v. Duhon*, 541 F.3d 391, 396 (5th Cir. 2008). Accordingly, we review those arguments for plain error only. *Puckett v. United States*, --- U.S. ---, 129 S. Ct. 1423, 1429 (2009); *United States v. Key*, 599 F.3d 469, 476-77 (5th Cir.), *petition for cert. filed* (Sept. 4, 2010) (No. 10-6291).

Loften has not shown that the assimilation of § 22.04 in his case via the ACA or his sentencing pursuant to § 22.04 constituted clear or obvious error. *See Lewis v. United States*, 523 U.S. 155, 164 (1998). However, the district court was obligated to apply the Sentencing Guidelines in Loften's case and erred by failing to consider whether an analogous Guideline existed that could be used in determining Loften's sentencing range. *See United States v. Calbat*, 266 F.3d 358, 362 (5th Cir. 2001). That error did not affect Loften's substantial rights.

No. 09-51057

A review of the applicable statutes reveals no analogous Guideline.  Because the district court found the Sentencing Guidelines inapplicable and imposed a non-guidelines sentence, it was not required to give Loften notice that it intended to impose a sentence that exceeded the state minimum sentence.  *See United States v. Mejia-Huerta*, 480 F.3d 713, 722-23 (5th Cir. 2007).

The district court erred by failing to state in open court the reasons for its sentencing decision; however, Loften has not shown that the error affected his substantial rights.  The district court's written statement of reasons and adoption of the presentence report provided explanation sufficient to allow meaningful review of Loften's sentence.  *See United States v. Gore*, 298 F.3d 322, 325-26 (5th Cir. 2002).  The district court sentenced Loften towards the low end of the statutory sentencing range, and Loften has not explained how the outcome of his case might have been different had the district court provided a more thorough verbal explanation for its choice of sentence.

Finally, Loften's argument that the district court erred by failing to consider his eligibility to be sentenced to probation or 180 days of confinement as a condition of probation lacks merit.  The record does not support Loften's allegation that the district court was not aware of the various sentencing alternatives.

AFFIRMED.