# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 18, 2011

No. 10-50229
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JAVIER ZAPATA, also known as Javier Gamiel Zapata,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:08-CR-165-2

Before REAVLEY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Javier Zapata appeals the 100-month sentence imposed following his guilty plea conviction for aiding and abetting the possession of heroin with intent to distribute. Zapata asserts that his sentence was higher than necessary to achieve the purposes of 18 U.S.C. § 3553(a)(2). Because Zapata did not raise his objections in the district court, we review for plain error. *United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007). To show plain error, he must show a forfeited error that is clear or obvious and affects his substantial rights.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

*Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009). Zapata has failed to show clear or obvious error regarding the length of his sentence. The record reflects that the district court properly weighed numerous § 3553(a) factors in imposing Zapata's 100-month sentence. We have affirmed similar departures and variances. *See United States v. Mejia-Huerta*, 480 F.3d 713, 717, 723-24 (5th Cir. 2007); *United States v. Jones*, 444 F.3d 430, 433, 441-42 (5th Cir. 2006); *United States v. Smith*, 417 F.3d 483, 491-93 & n.40 (5th Cir. 2005). Accordingly, Zapata's sentence is AFFIRMED.

We note that the supplemental brief submitted by Zapata's assigned counsel, Wayne Frost, also raises a number of patently frivolous claims: (1) that the district court erred in basing the sentence on Zapata's particular characteristics and personal history, rather than strictly on his offense—under *United States v. Booker*, 543 U.S. 220, 261 (2005), the district court is *required* to consider the factors of 18 U.S.C. § 3535(a), including "the history and characteristics of the defendant"; (2) that the district court did not give Zapata notice that it was considering an upward departure—the district court's Statement of Reasons made it clear that it was imposing a "sentence outside of the advisory guideline[s]," and not an upward departure requiring prior notice; and (3) that the sentence constitutes a due process violation—Mr. Frost provides no supporting argument, legal authority, or record citations to support this assertion. Mr. Frost has clearly failed to comply with this court's previous order to file a "supplemental brief that adequately covers the issues in the case in the form required by FED. R. APP. R. 28(a) and that employs legal analysis to support each request for relief." Therefore, IT IS ORDERED that no payment be made to Mr. Frost for the time spent working on this appeal.