**UNITED STATES of America,
Plaintiff-Appellee**

v.

**Orlando PINA, Defendant-Appellant**

**No. 17-10388
Summary Calendar**

United States Court of Appeals,
Fifth Circuit.

Filed February 21, 2018

Brian W. Portugal, Assistant U.S. Attorney, James Wesley Hendrix, Assistant U.S. Attorney, U.S. Attorney's Office, Northern District of Texas, Dallas, TX, for Plaintiff-Appellee

Christopher Allen Curtis, Assistant Federal Public Defender, Michael Arthur Lehmann, Federal Public Defender's Office, Northern District of Texas, Fort Worth, TX, for Defendant-Appellant

Before BARKSDALE, PRADO, and OWEN, Circuit Judges.

PER CURIAM: *

Orlando Pina challenges his guilty-plea conviction, and upward-variance sentence of 100 months' imprisonment, for being a convicted felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). He claims: his statute of conviction is unconstitutional and his indictment should have been otherwise dismissed; and

---

his sentence is substantively unreasonable. Each claim fails.

Although Pina contends his statute of conviction, 18 U.S.C. § 922(g)(1), is unconstitutional under the Commerce Clause, in the light of *National Federation of Independent Business v. Sebelius*, 567 U.S. 519, 530–35, 132 S.Ct. 2566, 183 L.Ed.2d 450 (2012), he concedes his claim is foreclosed. *United States v. Alcantar*, 733 F.3d 143, 146 (5th Cir. 2013). Our precedent likewise forecloses his claim that, in the light of *Flores-Figueroa v. United States*, 556 U.S. 646, 129 S.Ct. 1886, 173 L.Ed.2d 853 (2009), his indictment should have been dismissed because it failed to allege he knew the firearm he possessed had, at some point, traveled in interstate commerce. *United States v. Rose*, 587 F.3d 695, 705–06 & n.9 (5th Cir. 2009). Both issues are presented only to preserve them for possible further review.

In challenging the substantive reasonableness of his upward variance, 100-month sentence, Pina asserts the court abused its discretion by improperly giving significant weight to his criminal history, failing to account for the mitigating factors he presented, balancing the sentencing factors in a clearly erroneous manner, and imposing a prison sentence greater than necessary to achieve the goals of 18 U.S.C. § 3553(a) (sentencing factors). More particularly, regarding his criminal history, Pina contends the court failed to confirm any of his prior convictions fit within the examples set forth in the commentary to Sentencing Guideline § 4A1.3 (departures); the court failed to determine, pursuant to § 4A1.3, whether his criminal history category substantially underrepresented the seriousness of his criminal history or the likelihood of his recidivism; and his criminal history had already been taken into account under the Guidelines.

Although post-*Booker*, the Guidelines are advisory only, the district court must avoid significant procedural error, such as improperly calculating the Guidelines sentencing range. *Gall v. United States*, 552 U.S. 38, 48–51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007). If no such procedural error exists, a properly preserved objection to an ultimate sentence is reviewed for substantive reasonableness under an abuse-of-discretion standard. *Id.* at 51, 128 S.Ct. 586; *United States v. Delgado-Martinez*, 564 F.3d 750, 751–53 (5th Cir. 2009). In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g., United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008). As noted, Pina asserts only substantive unreasonableness.

Pina's sentence, a variance based on the 18 U.S.C. § 3553(a) factors, not an upward departure, is 13 months above the top of his advisory Guidelines sentencing range. Because the court imposed a variance sentence, Pina's assertions concerning § 4A1.3 (departures) are inapposite. *United States v. Mejia-Huerta*, 480 F.3d 713, 723 (5th Cir. 2007).

In making its sentencing decision, the court considered permissible factors under 18 U.S.C. § 3553(a), including Pina's criminal history and the mitigating factors presented by him regarding his personal history, characteristics, and recidivism risk. Essentially, Pina invites us to adopt his assessment of the factors rather than the district court's. This is contrary to the deference owed "to the district court's decision that the 18 U.S.C. § 3553(a) factors, on a whole, justify the extent of the variance". *Gall*, 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445. We have upheld more substantial variances based on permissible factors when the court, as here, has provided "thorough justification" for the vari-

ance. *United States v. McElwee*, 646 F.3d 328, 344–45 (5th Cir. 2011).

AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.