# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

———————

No. 18-10284
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**
January 7, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CESAR LOPEZ-RODRIGUEZ,

Defendant-Appellant

———————

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 4:17-CR-141-1

———————

Before DAVIS, HAYNES, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Cesar Lopez-Rodriguez appeals his above-guidelines sentence of 24 months and three years of supervised release following his guilty plea conviction for illegal reentry after deportation. He argues that the sentence is substantively unreasonable and greater than necessary to achieve the sentencing goals of 18 U.S.C. § 3553(a) because the district court failed to take into account that all of his prior criminal offenses were committed when he was

———

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-10284

17 to 18 years old; the district court gave too much weight to an erroneous finding that his remaining criminal offenses were committed when he was 21 years old; and the district court failed to account for the fact that all of his prior criminal offenses occurred over 20 years ago.

The district court did not abuse its discretion in imposing the upward variance. *See United States v. Diehl*, 775 F.3d 714, 724 (5th Cir. 2015). The court considered defense counsel's arguments and Lopez-Rodriguez's allocution and determined that the upward variance was appropriate based on the § 3553(a) factors, as well as his "disturbing criminal history." The district court did not err in relying on Lopez-Rodriguez's prior criminal history in varying upward from the guidelines range. *See United States v. Fraga*, 704 F.3d 432, 440 (5th Cir. 2013). Contrary to Lopez-Rodriguez's argument, the record reflects that after the Government noted that he committed two of the offenses when he was 17 years old, the district court acknowledged that those offenses were not used to calculate his criminal history. The district court then considered Lopez-Rodriguez's correct age at the time of the offenses that were used to calculate his criminal history and expressly stated that the facts concerning his age did not change the court's determination concerning the appropriate sentence.

Lopez-Rodriguez's argument amounts to a disagreement with the district court's weighing of the sentencing factors, which "is not a sufficient ground for reversal." *United States v. Malone*, 828 F.3d 331, 342 (5th Cir. 2016). He has not shown the district court failed to consider any significant factors, gave undue weight to any improper factor, or clearly erred in balancing the sentencing factors. *See Diehl*, 775 F.3d at 724. Further, the eight-month variance imposed in Lopez-Rodriguez's case was within the range of other variances affirmed by this court. *See United States v. Hebert*, 813 F.3d 551,

2

561-63 (5th Cir. 2015); *United States v. Mejia-Huerta*, 480 F.3d 713, 717, 723 (5th Cir. 2007).

In addition, Lopez-Rodriguez argues that the indictment charged him with illegal reentry under 8 U.S.C. § 1326(a) and that his three-year term of supervised release exceeds the one-year maximum term of supervised release under § 1326(a) in violation of his due process rights.  As he correctly concedes, this issue is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998).  *See United States v. Wallace*, 759 F.3d 486, 497 (5th Cir. 2014); *United States v. Pineda-Arrellano*, 492 F.3d 624, 625 (5th Cir. 2007).

AFFIRMED.