United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 30, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 06-31034
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RANDALL M. BRAZZEL,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:06-CR-50023
--------------------

Before KING, HIGGINBOTHAM, and GARZA, Circuit Judges.

PER CURIAM:[*]

Randall M. Brazzel appeals his sentence following his guilty plea to bank fraud, in violation of 18 U.S.C. § 1344. The district court imposed a non-guidelines sentence of 36 months in prison, which was nine-months above the upper end of the advisory guidelines range of 21 to 27 months calculated in the presentence report.

Brazzel argues first that the district court erred by sua sponte imposing a sentencing above the guidelines range without first providing notice of its intent to do so. In support of his

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

argument he relies on the reasoning of <u>Burns v. United States</u>, 501 U.S. 129 (1991), and FED. R. CRIM. P. 32(h).  His argument is foreclosed by <u>United States v. Mejia-Huerta</u>, 480 F.3d 713, 720-23 (5th Cir. 2007), <u>petition for cert. filed</u> (Apr. 18, 2007) (No. 06- 1381).

Brazzel also argues that his 36-month sentence was unreasonable.  The district court's sentencing colloquy shows that the court considered Brazzel's particular characteristics and circumstances and the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment and adequate deterrence for further offenses.  The court's comments and written statement of reasons show that the court was aware of the correctly calculated guidelines range and the need to avoid unwarranted sentencing disparities.  Brazzel fails to show that the district court did not account for a factor that should have received great weight, gave significant weight to an irrelevant factor, or committed a clear error of judgment in balancing the sentencing factors.  <u>See</u> <u>United States v. Smith</u>, 440 F.3d 704, 707-09 (5th Cir. 2006).

The district court's judgment is AFFIRMED.