**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**June 14, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-51234
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHANTE DIBBLES,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:06-CR-62-ALL
--------------------

Before DAVIS, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Chante Dibbles appeals the sentence imposed by the district court following his guilty-plea conviction for being a felon in possession of ammunition. Although his advisory guidelines imprisonment range was 77 to 96 months, the district court sentenced Dibbles to the statutory maximum sentence of 120 months of imprisonment. The court found that Dibbles's criminal record warranted an upward departure under U.S.S.G. § 4A1.3. The court further found that a variance under 18 U.S.C. § 3553(a) was justified because of the nature and circumstances of Dibbles's

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

conduct and the history and characteristics of his past.  The sentence was thus based on both an upward departure from the guidelines range and a non-guidelines sentence, or "variance" from the guidelines.  See United States v. Mejia-Huerta, 480 F.3d 713, 721 (5th Cir. 2007), petition for cert. filed, 75 U.S.L.W. 3585 (U.S. Apr. 18, 2007) (No. 06-1381); United States v. Smith, 440 F.3d 704, 706-07 (5th Cir. 2006).  A non-guidelines sentence is ultimately reviewed for unreasonableness.[**]  Smith, 440 F.3d at 706.  An upward departure is reviewed for an abuse of discretion.  Id. at 707.

"Both a district court's post-Booker sentencing discretion and the reasonableness inquiry on appeal must be guided by the sentencing considerations set forth in [] § 3553(a)."  Id. at 706.  These factors include the nature and circumstances of the offense, the defendant's history and characteristics, and the need for the sentence to reflect the seriousness of the offense. § 3553(a)(1), (2).  A district court must also consider these factors when imposing a sentence that represents an upward departure from the advisory guidelines range.  United States v. Zuniga-Peralta, 442 F.3d 345, 347 (5th Cir.), cert. denied, 126 S. Ct. 2954 (2006).

---

[**] Dibbles did not raise this challenge to his sentence in the district court.  His argument may thus be subject to plain-error review rather than reasonableness review.  See United States v. Gonzalez-Zuniga,___ F.3d___, No. 06-41030, 2007 WL 1289984 at *1 (5th Cir. May 2, 2007).  This court need not decide which standard applies, however, because Dibbles's sentence was proper under either standard.  Id.

Dibbles argues that his sentence was unreasonable because the district court failed to consider his mitigating circumstances in imposing the sentence. He argues that consideration of his mitigating circumstances was mandated under 18 U.S.C. § 3553(a), and that the court abused its discretion by failing to account for them in either its oral or written reasons for imposing the sentence.

A district court must more thoroughly articulate its reasons when it imposes a non-guidelines sentence than when it imposes a sentence under the guidelines. Smith, 440 F.3d at 707. However, a "checklist recitation" of the § 3553(a) factors is not necessary for a sentence to be reasonable. Id. Dibbles has not shown that the district court failed to consider a required factor under § 3553(a). The district court's sentence thus was proper under either plain-error or reasonableness review.

AFFIRMED.