# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 17, 2007

Charles R. Fulbruge III
Clerk

No. 06-11154
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

JONATHAN D NELSON, also known as Jody Nelson

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:05-Cr-111-ALL

Before REAVLEY, SMITH, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Jonathan D. Nelson appeals the sentence imposed by the district court following his guilty-plea convictions for wire fraud; engaging in monetary transactions derived from specified unlawful activity; and aiding and abetting. Although the advisory guidelines imprisonment range was 188 to 235 months, the district court sentenced Nelson to 300 months of imprisonment. The district court found that a non-guideline sentence was required to fulfill the objectives of 18 U.S.C. § 3553(a), "particularly with reference to the need to reflect the

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, and, most importantly, to afford an adequate deterrence to other criminal conduct of this nature."

Nelson argues that his 300-month non-guideline sentence is unreasonable in light of the sentencing factors set forth in 18 U.S.C. § 3553(a). He asserts that the district court failed to account for factors that should have received significant weight; considered improper and irrelevant factors; clearly erred in balancing the § 3553(a) sentencing factors; and erred by proceeding directly to a non-guideline sentence without first considering a departure pursuant to the Guidelines.

Nelson failed to object to the 300-month non-guideline sentence before the district court. Further, he did not raise the specific arguments he raises on appeal before the district court. Arguably, his argument should be reviewed for plain error. See United States v. Hernandez-Martinez, 485 F.3d 270, 272 (5th Cir. 2007), cert. denied, 2007 U.S. LEXIS 10941 (Oct. 1, 2007) (No. 07-5882); United States v. Mejia-Huerta, 480 F.3d 713, 720 & n.22 (5th Cir. 2007), petition for cert. filed (Apr. 18, 2007) (No. 06-1381). This court need not decide whether plain error applies in this case, however, because Nelson's arguments fail under a reasonableness standard.

A non-guideline sentence is "ultimately" reviewed for "'unreasonableness.'" United States v. Smith, 440 F.3d 704, 706 (5th Cir. 2006). Prior to imposing a non-guideline sentence, the district court is required to calculate the guideline range and consider it advisory. Id. at 707. In addition to using the "appropriate Guideline range as a frame of reference," the sentencing court "must more throughly articulate its reasons when it imposes a non-Guideline sentence than when it imposes a sentence under authority of the Sentencing Guidelines." Id. (internal quotation marks and citations omitted). The reasons must be "fact-specific and consistent with the sentencing factors enumerated in section 3553(a)." Id. "A non-Guideline sentence unreasonably fails to reflect the

statutory sentencing factors where it (1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors." Id. at 708.

The district court's stated reasons for Nelson's non-guideline sentence are not based on improper factors, nor do they represent a clear error of judgment in balancing the sentencing factors. Moreover, the court's stated reasons for the non-guideline sentence allow this court to determine that the § 3553(a) factors support the sentence and that the sentence was reasonable. Smith, 440 F.3d at 707-10. Additionally, there is no support for Nelson's contention that the district court was required to consider a departure pursuant to the Guidelines prior to imposing a non-guideline sentence. See id. at 707; Mejia-Huerta, 480 F.3d at 723. Accordingly, the judgment of the district court is AFFIRMED.