IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 7, 2007

Charles R. Fulbruge III
Clerk

No. 07-10368
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

FRANCISCO LUNA-BUSTAMANTE

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 6:06-CR-53-ALL

Before WIENER, GARZA, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Francisco Luna-Bustamante ("Luna") appeals his sentence for illegal reentry after deportation, in violation of 8 U.S.C. § 1326. Luna pleaded guilty to this offense. The District Court imposed a non-Guidelines sentence requiring Luna to serve 84 months of imprisonment and three years of supervised release. The 84-month sentence is 27 months above the advisory sentencing range.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

We conduct a de novo review of the District Court's application of the Sentencing Guidelines ("Guidelines"). United States v. Sanchez-Ramirez, 497 F.3d 531, 534 (5th Cir. 2007) (citations omitted). We review a sentence for unreasonableness. Id. (citations omitted). When a District Court imposes a non-Guidelines sentence, "we conduct our reasonableness review through an abuse-of-discretion lens... ." Id. (citations omitted). In this case, we find that the District Court's non-Guidelines sentence was reasonable.

Luna contends that his non-Guidelines sentence was unreasonable because it was based on the District Court's disagreement with the policies underlying the Guidelines and because, in imposing it, the District Court considered his criminal history, a factor already accounted for in the Guidelines. Contrary to Luna's contention, "criminal history is one of the factors that a court may consider in imposing a non-Guideline sentence." United States v. Smith, 440 F.3d 704, 709 (5th Cir. 2006). The District Court made several findings concerning Luna's criminal history, specifically that he lacked respect for the law and had received lenient sentences for four prior convictions: one for aggravated assault with a deadly weapon and three for driving while intoxicated ("DWI")——all while in the United States illegally. In increasing Luna's sentence based on these factors, the District Court adhered to the policies underlying the Guidelines which contemplate increased sentences where a defendant has received unduly lenient sentences in the past. See U.S.S.G. § 4A1.3, cmt. (background). Thus, there is no merit to Luna's contention that the District Court increased his sentence based on its disagreement with the policies underlying the Guidelines. Indeed, in light of the District Court's specific findings, the non-Guidelines sentence was reasonable.

Luna also contends that, pursuant to a discussion of general sentencing procedures set forth in Rita v. United States, 127 S. Ct. 2456, 2465 (2007), the District Court was required to provide notice that it intended to impose a non-Guidelines sentence before doing so. Luna's argument rests on dicta in Rita,

which did not involve a departure or a variance and did not overrule this court's holding in United States v. Mejia-Huerta, 480 F.3d 713, 716 (5th Cir. 2007), petition for cert. filed, (Apr. 18, 2007) (No. 06-1381), that a sentencing court need not provide pre-sentencing notice of its intention to impose a non-Guidelines sentence. Accordingly, the District Court did not err.

Finally, in light of Apprendi v. New Jersey, 530 U.S. 466 (2000), Luna raises a separate challenge to the constitutionality of treating prior felony and aggravated felony convictions as sentencing factors pursuant to 8 U.S.C. § 1326 rather than as elements of the offense that must be found by a jury. We have held that this issue is "fully foreclosed from further debate." United States v. Pineda-Arrellano, 492 F.3d 624, 625 (5th Cir. 2007), petition for cert. filed, (Aug. 28, 2007) (No. 07-6202). Luna admits as much in his brief noting that this "issue is raised solely to preserve it for further review."

In light of the foregoing, we find that Luna's non-Guidelines sentence was reasonable. See United States v. Smith, 440 F.3d 704, 708-09 (5th Cir. 2006). The judgment of the District Court is AFFIRMED.