# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 9, 2007

Charles R. Fulbruge III
Clerk

No.06-40710
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

FELIPE ESPINOSA

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:05-CR-693-1

Before KING, DAVIS, and CLEMENT, Circuit Judges

PER CURIAM:[*]

Felipe Espinosa pleaded guilty to conspiracy to possess more than 1000 kilograms of marijuana and was sentenced to a 120-month term of imprisonment. At sentencing, the district court granted the Government's motion for a sentence under the safety valve provision of 18 U.S.C. § 3553(e). As adjusted, Espinosa's advisory sentencing guidelines range was 87-to-108 months of imprisonment; however, the district court determined that a non-guidelines sentence was appropriate because the evidence showed that Espinosa was

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

involved in at least two separate conspiracies and that he continued to persist in drug-trafficking long after his activities were interrupted by authorities. The district court held that a 120-month was appropriate because Espinosa's continued involvement in drug activities was an aggravating factor not taken into account by the Sentencing Guidelines.

Espinosa argues that his sentence is the result of an upward departure for which he did not receive advance notice and that sentencing court departed upward based on circumstances already considered under the Sentencing Guidelines. Notwithstanding Espinosa's argument, it is clear from the record that his sentence is a non-guidelines sentence rather than an upward departure. The district court may sua sponte impose a non-guidelines sentence without advance notice to the defendant. United States v. Mejia-Huerta, 480 F.3d 713, 722-23 (5th Cir. 2007), petition for cert. filed (April 18,2007) (No. 06-1381). Espinosa's sentence is reasonable under 18 U.S.C. § 3553(a) because the district court used the properly calculated advisory Sentencing Guidelines as a frame of reference, identified appropriate reasons for the sentencing variance, and made factual findings to support its sentencing determination. Mejia-Huerta, 480 F.3d at 721; United States v. Smith, 440 F.3d 704, 710 (5th Cir. 2006).

AFFIRMED.