# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 10, 2008

Charles R. Fulbruge III
Clerk

No. 07-10378
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

JOSE CANDELARIO OLIVARES-BENAVIDES, also known as Paul Mendoza,
also known as Martin Gonsalez, also known as Pablo Mendoza, also known as
Jose Candelario Benavides-Olivares

Defendant-Appellant

Consolidated with
No. 07-10524
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

OSCAR HERNANDEZ-MEDRANO

Defendant-Appellant

No. 07-10378 c/w
Nos. 07-10524, 07-10539, and 07-10550

Consolidated with
No. 07-10539
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

LEODEGARDO RODRIGUEZ-MENDOZA

Defendant-Appellant

Consolidated with
No. 07-10550
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

JAVIER GAMINO-PEREZ

Defendant-Appellant

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 1:06-CR-61-ALL
USDC No. 5:06-CR-110-ALL
USDC No. 1:06-CR-66-ALL
USDC No. 5:06-CR-102-ALL

Before JONES, Chief Judge, and CLEMENT and SOUTHWICK, Circuit Judges.

2

PER CURIAM:[*]

Jose Candelario Olivares-Benavides, Oscar Hernandez-Medrano, Leodegardo Rodriguez-Mendoza, and Javier Gamino-Perez appeal the sentences imposed following their guilty plea convictions for illegal reentry after deportation in violation of 8 U.S.C. § 1326. They argue that procedural reasonableness required the district court to consider upward departures to their sentences under U.S.S.G. § 4A1.3 for their under-represented criminal histories before it imposed their non-guidelines sentences and that their sentences were substantively unreasonable because the district court failed to apply § 4A1.3, because it put too much weight on the fact that the defendants had prior DUIs and received light sentences for those DUIs, and because it clearly erred in balancing the sentencing factors.

We review sentences for reasonableness in light of the sentencing considerations set forth in 18 U.S.C. § 3553(a). United States v. Sanchez-Ramirez, 497 F.3d 531, 534 (5th Cir. 2007). The Guidelines provide but a "rough approximation" of a sentence that will meet all objectives of § 3553(a). Rita v. United States, 127 S. Ct. 2456, 2464-65 (2007).

The defendants' argument that the district court had to consider § 4A1.3 before imposing their non-guidelines sentences has previously been rejected by this court. See United States v. Mejia-Huerta, 480 F.3d 713, 723 & n.43 (5th Cir. 2007), petition for cert. filed (April 18, 2007) (No. 06-1381). The defendants' argument of substantive unreasonableness is also without merit. The district court gave extensive reasons for imposing their non-guidelines sentences, including such § 3553(a) factors as the defendants' personal history and characteristics, the defendants' criminal histories, the need to promote respect

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

for the law, the need to deter future criminal conduct, and the need to protect the public. See § 3553(a); United States v. Smith, 440 F.3d 704, 709 (5th Cir. 2006).

The defendants argue that the district court was required to provide them with notice before imposing an above-guidelines sentence. This argument is foreclosed by circuit precedent. See Mejia-Huerta, 480 F.3d at 722-23; Ketchum v. Gulf Oil Corp., 798 F.2d 159, 162 (5th Cir. 1986).

In light of Apprendi v. New Jersey, 530 U.S. 466 (2000), the defendants also challenge the constitutionality of § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than elements of the offense that must be found by a jury. This argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1995). United States v. Pineda-Arrellano, 492 F.3d 624, 625 (5th Cir. 2007), cert. denied, 128 S. Ct. 872 (2008). The defendants' sentences are AFFIRMED.