# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 26, 2008

Charles R. Fulbruge III
Clerk

No. 07-60772
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

MARCELL CORNELIUS MARTIN

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:06-CR-212-1

Before WIENER, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Marcell Cornelius Martin appeals his non-guidelines sentence following his guilty plea conviction for possession of a firearm by a felon. He contends that his sentence should be vacated as unreasonable because (1) the district court's upward variance was based on reasons that were already accounted for under the Guidelines or that are not supported by the record; (2) the district court ruled that an attempted murder cross-reference under the Guidelines was inapplicable, but nevertheless took into account the facts

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

underlying the dispute over the cross-reference; (3) the district court imposed a variance without first considering a departure under the Guidelines; and (4) the district court failed to consider the need to avoid unwarranted sentence disparities among similarly situated defendants.

The government has moved for dismissal of the appeal or, alternatively, summary affirmance, arguing that Martin's appeal is barred by an appeal waiver in his plea agreement. Martin counters that the appeal waiver is inapplicable because the government breached the plea agreement. We do not address this issue because we conclude that Martin is not entitled to relief on the merits. See United States v. Story, 439 F.3d 226, 230-31 (5th Cir.2006) (holding that a valid appeal waiver does not implicate our jurisdiction). The government's motion for dismissal of the appeal and alternative motion for summary affirmance are therefore DENIED.

The district court's comments regarding Martin's criminal history and history of flight from law enforcement did not double-count factors already considered in the guidelines range; rather, these comments reflect the court's opinion that those factors were extraordinarily egregious here. Cf. Sanchez-Ramirez, 497 F.3d 531, 535-36 (5th Cir. 2007). The district court's factual findings are reviewed for clear error, and its comments about Martin's criminal history and manner of earning a living are not implausible in light of the record as a whole. See United States v. Cisneros-Gutierrez, 517 F.3d 751, 764 (5th Cir. 2008).

The district court was not precluded from considering the fact that Martin shot someone with the firearm he illegally possessed merely because the court had ruled that an attempted murder cross-reference under the Guidelines was inapplicable. Cf. United States v. Lopez-Salas, 513 F.3d 174, 180-81 (5th Cir. 2008). There is no basis in law for Martin's contention that the district court was required to consider a departure under the Guidelines before imposing a variance. See United States v. Smith, 440 F.3d 704, 707 (5th Cir. 2006); United

States v. Mejia-Huerta, 480 F.3d 713, 723 (5th Cir. 2007). As Martin has failed to provide evidence of any similarly situated defendant who received a lower sentence, his contention that the district court failed to consider unwarranted sentence disparities is unavailing. See Smith, 440 F.3d at 709. The district court's judgment is AFFIRMED.