# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 26, 2008

Charles R. Fulbruge III
Clerk

No. 07-11202
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

ALAN VAN DELAUGHTER

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:07-CR-94-ALL

Before HIGGINBOTHAM, BARKSDALE, and ELROD, Circuit Judges.

PER CURIAM:[*]

Alan Van DeLaughter was convicted by a jury of one count of mailing threats to damage or destroy property and one count of mailing threatening communications and was sentenced to two consecutive terms of 120 months in prison. On appeal, DeLaughter argues that the district court erred by imposing a sentence which was above the recommended Federal Sentencing Guidelines range of 100 to 125 months.

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

The sentence imposed by the district court is typically reviewed for reasonableness under an abuse-of-discretion standard. Gall v. United States, 128 S. Ct. 586, 591 (2007). The Supreme Court rejected the notion that the district court needs extraordinary circumstances to justify a deviation from the Guidelines range. See id. at 595. A district court, in sentencing, should use the Guidelines range as "the starting point and the initial benchmark" but should then consider all of the sentencing factors set forth in 18 U.S.C. § 3553(a). Id. at 596. If the court concludes that a sentence outside the Guidelines is warranted, it "must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance." Id. at 597. "After settling on the appropriate sentence, [the sentencing court] must adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing." Id.

DeLaughter does not challenge the district court's calculation of the appropriate advisory Guidelines range or the factual recitation of his criminal history. Although he challenges the district court's conclusions, DeLaughter does not assert that the district court did not specifically consider § 3553(a) in imposing the departure. The record shows the district court considered these factors, including DeLaughter's history and characteristics, the need for adequate deterrence, and the need to protect the public from future crimes by DeLaughter. The district court relied on more than the mere number of offenses that DeLaughter had committed and the other times he had been arrested. The district court's decision was based on the finding that DeLaughter's history contained repeated instances of threats against others and two additional threats against federal district court judges, one of which pertained to the current criminal conviction. Given the facts of this case and the district court's reasons for departing from the Guidelines range, DeLaughter has not shown that the district court abused its discretion in imposing consecutive 120-month sentences. See id.

DeLaughter argues that the district court was not required to provide him notice before imposing an above-guidelines sentence, but should have done so anyway. This court has held that the district court may sua sponte impose a non-guideline sentence without advance notice to the defendant. United States v. Mejia-Huerta, 480 F.3d 713, 722-23 (5th Cir. 2007), cert. denied, 128 S. Ct. 2954 (2008). The Supreme Court recently held the same in United States v. Irizarry, 128 S. Ct. 2198, 2202-04 (2008).

DeLaughter's sentence is AFFIRMED.