# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 26, 2008

Charles R. Fulbruge III
Clerk

No. 08-20244
Summary Calendar

UNITED STATES OF AMERICA

                    Plaintiff-Appellee

v.

DANIEL PRIETO-HERNANDEZ, also known as Daniel Prieto

                    Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:07-CR-467-1

Before REAVLEY, WIENER, and PRADO, Circuit Judges.

PER CURIAM:[*]

Daniel Prieto-Hernandez pleaded guilty for being an alien who was found present in the United States after having been previously deported following an aggravated felony conviction, in violation of 8 U.S.C. § 1326. He was sentenced to 33 months of imprisonment and three years of supervised release.

Prieto-Hernandez argues that his sentence should be vacated as unreasonable because (1) the district court imposed a variance without first considering an upward departure under the Guidelines and (2) the district court

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

failed to follow the procedural requirements applicable to upward departures when determining the extent of the variance. A sentence may be overturned if it is either procedurally or substantively unreasonable. Gall v. United States, 128 S. Ct. 586, 597 (2007). However, there is no basis in law for Prieto-Hernandez's contention that the district court was required to consider a departure under the Guidelines before imposing a variance. See United States v. Mejia-Huerta, 480 F.3d 713, 723 (5th Cir. 2007); United States v. Smith, 440 F.3d 704, 707 (5th Cir. 2006). Similarly, Prieto-Hernandez's assertion that the district court erred by failing to follow the procedural requirements applicable to an upward departure under the Guidelines is unavailing.

Prieto-Hernandez also appeals his conviction for the purpose of correcting the judgment under FED. R. CRIM. P. 36. He was indicted for being found in the United States in violation of § 1326, and the judgment states, under the heading "Nature of Offense," that he was adjudicated guilty of "illegal re-entry of a previously deported alien following a conviction for an aggravated felony offense." Based on his contention that the offense of illegal reentry is distinct from the offense of being found in the United States, he seeks a remand under Rule 36 for correction of the judgment to reflect the proper offense of conviction.

Rule 36 authorizes us to correct only clerical errors, which occur when "the court intended one thing but by merely clerical mistake or oversight did another." United States v. Steen, 55 F.3d 1022, 1025-26 & n.3 (5th Cir. 1995). Section 1326 is entitled "[r]eentry of removed aliens" and provides, inter alia, that any alien who has been denied admission, excluded, deported, or removed, and who subsequently enters, attempts to enter, "or is at any time found in, the United States" without having obtained required consent or without showing that such consent is not required, is subject to certain criminal penalties. § 1326(a), (b).

The judgment's "Nature of Offense" description, "illegal re-entry of a previously deported alien," so closely tracks the § 1326 title, "[r]eentry of

2

removed aliens," that it bears no indicia of the district court having made a mistake or oversight. See § 1326. As the district court's judgment uses the term "illegal re-entry of a previously deported alien" intentionally in reference to § 1326 generally, there is no clerical error. Accordingly, we AFFIRM the judgment of the district court.