# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 18, 2008

Charles R. Fulbruge III
Clerk

No. 08-40508
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

VICTOR OSORIO-ABUNDIZ

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:08-CR-7-ALL

Before JOLLY, BENAVIDES, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Victor Osorio-Abundiz (Osorio) appeals the sentence imposed after he pleaded guilty to being in the United States illegally after deportation. His 60-month sentence was above the advisory guidelines range of 30 to 37 months and was imposed outside the guidelines system.

We generally review sentences for reasonableness in light of the sentencing factors of § 3553(a). *United States v. Booker*, 543 U.S. 220, 261

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

(2005). Sentences inside or outside the advisory guidelines range are typically reviewed under the abuse-of-discretion standard. Gall v. United States, 128 S. Ct. 586, 597 (2007).

We first determine whether the sentence is procedurally unreasonable due to a procedural error "such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence - including an explanation for any deviation from the Guidelines range." Id. If the sentence is procedurally reasonable, we consider whether it is substantively reasonable under "the totality of the circumstances, including the extent of any variance from the Guidelines range." Id. When a sentence is outside the Guidelines, we give deference to the sentencing court's decision that the § 3553(a) factors justify the variance. Id.

In the district court, Osorio requested a sentence at the low end of the Guidelines but did not raise any objection to the court's explanation of his sentence or to the procedural reasonableness of the sentence, which are the only issues he raises on appeal. Accordingly, review of Osorio's claims is for plain error only. See United States v. Peltier, 505 F.3d 389, 391-92 (5th Cir. 2007), cert. denied, 128 S. Ct. 2959 (2008); see also United States v. Izaguirre-Losoya, 219 F.3d 437, 441 (5th Cir. 2000) (applying plain error review to claim that district court gave inadequate reasons for sentence). To prevail on plain-error review, a defendant must show a clear or obvious error that affected his substantial rights. United States v. Olano, 507 U.S. 725, 732-35 (1993). If he does so, this court has the discretion to correct the forfeited error if the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. Id. at 736. In any event, Osorio's claims fail under either plain error review or the typical review for abuse of discretion.

Osorio contends that the sentence is procedurally unreasonable because the district court gave an inadequate explanation of the reasons for the variance. The record and context show that the district court considered the facts and the parties' arguments and imposed the upward variance because of Osorio's violent character and history and based on factors set forth at 18 U.S.C. § 3553(a). The law requires no more. Rita v. United States, 127 S. Ct. 2456, 2469 (2007).

Osorio also contends that the sentence is procedurally unreasonable because the district court did not consider a departure under § 4A1.3 of the Guidelines before imposing a non-guidelines variance. In United States v. Mejia-Huerta, 480 F.3d 713, 723 (5th Cir. 2007), cert. denied, 128 S. Ct. 2954 (2008), we rejected a similar contention that above-Guidelines sentences were unreasonable because the court did not follow guideline provisions for departures. We noted that "a sentencing court may impose a non-Guidelines sentence, i.e., a 'variance', but not a 'departure,' if it calculates the proper sentencing range and references the broad array of factors set forth in § 3553(a)." Id. at 721. There is no support for Osorio's contention that the district court was required to consider a departure under the Guidelines before imposing a non-guideline variance. Mejia-Huerta also rejected the proposition that a sentencing court's "failure to conduct the calculus of § 4A1.3 renders a non-Guidelines sentence per se unreasonable." Mejia-Huerta, 480 F.3d at 723.

Osorio fails to show that his sentence is procedurally unreasonable, and he does not contend that his sentence is substantively unreasonable. See Gall, 128 S. Ct. at 597. Because Osorio shows no error or abuse of discretion, the district court's judgment is AFFIRMED.