**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 2, 2009

Charles R. Fulbruge III
Clerk

No. 08-30459
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

TIMOTHY THIGPEN

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:06-CR-20102-1

Before DAVIS, GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

Timothy Thigpen appeals the 60-month sentence imposed following his guilty plea conviction for interstate transmission of threatening communications in violation of 18 U.S.C. § 875, arguing that the sentence is unreasonable. He argues that because he did not have the intent to carry out the threats, the district court should not have imposed the harshest available sentence.

Thigpen has not shown that the 60-month sentence imposed by the district court was procedurally or substantively unreasonable. Thigpen does not argue

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that the district court erred in calculating his advisory guideline range or made any other significant procedural error. Although the 60-month statutory maximum sentence was harsh, Thigpen has not shown that sentence was substantively unreasonable. The district court gave numerous reasons for its decision to impose the 60-month sentence based on the 18 U.S.C. § 3553(a) factors, including the nature of the offense, the history and characteristics of Thigpen, and the need for just punishment, adequate deterrence, and to protect the public from future crimes of Thigpen. The district court focused on the seriousness of the offense, the additional counts in the indictment that were dismissed, the numerous additional complaints from women who received similar calls in Louisiana and Texas, and the impact of the offense on the victims. The district court also considered the escalation of Thigpen's conduct and his need for mental health treatment for his sexual, alcohol, and gambling addictions.

After *Gall v. United States*, 128 S. Ct. 586, 596-97 (2007), this court has affirmed nonguideline sentences that involved significant departures from the advisory guideline range. *See, e.g., United States v. Brantley*, 537 F.3d 347, 350 (5th Cir. 2008); *United States v. Mejia-Huerta*, 480 F.3d 713, 723-24 (5th Cir. 2007), *cert. denied*, 128 S. Ct. 2954 (2008); *United States v. Saldana*, 427 F.3d 298, 315-16 (5th Cir. 2005). The district court did not abuse its discretion in determining that a guideline sentence would not properly reflect the § 3553(a) considerations. *See Kimbrough v. United States*, 128 S. Ct. 558, 574-75 (2007); *see also United States v. Williams*, 517 F.3d 801, 809 (5th Cir. 2008). Because the district court considered the appropriate § 3553(a) factors and gave sufficient reasons for its decision to impose a nonguideline sentence, Thigpen has not shown that the 60-month sentence was substantively unreasonable.

AFFIRMED.