**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 13, 2009

Charles R. Fulbruge III
Clerk

No. 08-10796
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

FRANCISCO OCAMPO-MEJIA

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:06-CR-251-ALL

Before JONES, Chief Judge, and STEWART and OWEN, Circuit Judges.

PER CURIAM:[*]

Francisco Ocampo-Mejia (Ocampo) appeals the sentence imposed by the district court following his guilty plea conviction for one count of illegal reentry after deportation in violation of 8 U.S.C. § 1326(a). Following a hearing, the district court varied from the guideline sentencing range of 33-41 months and sentenced Ocampo to 75 months in prison followed by three years of supervised release. Ocampo objected to the reasonableness of the sentence and filed a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

timely notice of appeal. On appeal, Ocampo argues that his sentence is substantively unreasonable because it does not account for a factor that should have received significant weight (his cultural assimilation), gives significant weight to an improper factor (his prior arrests), and represents a clear error of judgment in balancing the sentencing factors.

Following *United States v. Booker*, 543 U.S. 220 (2005), sentences are reviewed for reasonableness in light of the sentencing factors in 18 U.S.C. § 3553(a). *See United States v. Mares*, 402 F.3d 511, 518-19 (5th Cir. 2005). In conducting a reasonableness review, an appellate court must first determine whether the district court committed any significant procedural error. *Gall v. United States*, 128 S. Ct. 586, 597 (2007). If there is no procedural error, this court then "consider[s] the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." *Id.* If the sentence is outside the guidelines range, this court "may consider the extent of the deviation, but must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *Id.*

The district court herein committed no procedural errors. The court properly calculated Ocampo's guidelines sentencing range, considered the § 3553(a) sentencing factors, considered no clearly erroneous facts, and adequately explained the reasons for the sentence imposed. *See Gall*, 128 S. Ct. at 597. Evidence of Ocampo's cultural assimilation was considered at sentencing. This court, however, has held that "[w]hile cultural assimilation *may* be considered as a mitigating factor . . . there is no requirement that a sentencing court *must* accord it dispositive weight." *United States v. Lopez-Velasquez*, 526 F.3d 804, 807 (5th Cir.), *cert. denied*, 129 S. Ct. 625 (2008) (internal citation omitted, emphasis in original). Thus, the district court did not err in balancing Ocampo's cultural assimilation against other § 3553(a) factors.

Regarding the court's consideration of Ocampo's prior arrests, criminal conduct not resulting in a conviction may be considered by the sentencing judge.

*Id.* As the district court did not base Ocampo's sentence on his arrest record "standing alone," the court did not err in relying on Ocampo's arrests, in part, as a reason for the sentence variance. *See id.*

Finally, the district court articulated numerous grounds under § 3553(a) for the upward variance, the non-Guidelines sentence was less than the statutory maximum sentence of twenty years under § 1326(a) and (b)(2), and the extent of the variance is consistent with other sentences affirmed by this court. *See, e.g., United States v. Smith*, 440 F.3d 704, 705-06 (5th Cir. 2006); *United States v. Mejia-Huerta*, 480 F.3d 713, 716-20, (5th Cir. 2007), *cert. denied*, 128 S. Ct. 2954 (2008). In light of the foregoing, we find that the district court did not abuse its discretion in imposing Ocampo's sentence.

Accordingly, the judgment of the district court is AFFIRMED.