# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 28, 2009

Charles R. Fulbruge III
Clerk

No. 08-40808
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JUAN ANDRES SOTO,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:08-CR-351-1

Before BENAVIDES, PRADO, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Juan Andres Soto appeals the 45-month sentence imposed following his guilty plea conviction for transporting illegal aliens for private financial gain in violation of 8 U.S.C. § 1324 (1)(A)(ii). Soto's 45-month sentence was above the advisory guidelines sentencing range of 21 to 27 months.

Although Soto requested that the district court "consider the least possible time," he did not raise any objection to the court's explanation of his sentence or

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

to the procedural reasonableness of the sentence, which are the very issues he raises on appeal. Accordingly, review of Soto's claims is for plain error. *See United States v. Lopez-Velasquez*, 526 F.3d 804, 806 (5th Cir.), *cert. denied*, 129 S. Ct. 625 (2008); *United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009), *petition for cert. filed*, (June 24, 2009) (08-11099). To show plain error, Soto must show a forfeited error that is clear or obvious and that affects his substantial rights. *See Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009). If he makes such a showing, this court has the discretion to correct the error but will do so only if the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

We generally review sentences for reasonableness in light of the sentencing factors of § 3553(a). *United States v. Booker*, 543 U.S. 220, 261 (2005). We first determine whether the sentence is procedurally unreasonable due to a procedural error "such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence - including an explanation for any deviation from the Guidelines range." *Gall v. United States*, 128 S. Ct. 586, 597 (2007). If the sentence is procedurally reasonable, we consider whether it is substantively reasonable under "the totality of the circumstances, including the extent of any variance from the Guidelines range." *Id.* When a sentence is outside the Guidelines, we give deference to the sentencing court's decision that the § 3553(a) factors justify the variance. *Id.*

Soto contends that the sentence is procedurally unreasonable because the district court did not consider a departure under U.S.S.G. § 4A1.3 before imposing a non-guidelines variance. There is no support for his contention. In *United States v. Mejia-Huerta*, 480 F.3d 713, 723 (5th Cir. 2007), we rejected the defendants' contentions that their above-Guidelines sentences were unreasonable because the court did not follow § 4A1.3 of the Guidelines. We

noted that "post-*Booker*, a sentencing court may impose a non-Guidelines sentence, i.e., a 'variance', but not a 'departure,' if it calculates the proper sentencing range and references the broad array of factors set forth in § 3553(a)." *Id.* at 721. *Mejia-Huerta* also rejected the proposition that a sentencing court's "failure to conduct the calculus of § 4A1.3 renders a non-Guidelines sentence *per se* unreasonable." *Mejia-Huerta*, 480 F.3d at 723.

Soto also contends that the sentence is procedurally unreasonable because the district court gave an inadequate explanation of the reasons for the variance and failed to properly balance the factors set forth in 18 U.S.C. § 3553(a).

The record reflects that the district court considered Soto's history and characteristics, the need to promote respect for the law and to provide deterrence against future criminal conduct and noted those factors in its Statement of Reasons. The record reflects that the district court did not give improper or undue weight to Soto's criminal history or plainly err in concluding that a sentence of 21 to 27 months of imprisonment would not satisfy the sentencing objections of § 3553(a).

Soto has failed to show that his sentence is procedurally unreasonable, and he does not contend that his sentence is substantively unreasonable. *See Gall*, 128 S. Ct. at 597. Accordingly, the district court's judgment is AFFIRMED.