# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
March 12, 2013

Lyle W. Cayce
Clerk

No. 12-30382
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

DARKHAN UTIMISSOV,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:11-CR-220-4

Before DAVIS, BARKSDALE, and ELROD, Circuit Judges.

PER CURIAM:[*]

Darkhan Utimissov pleaded guilty to conspiracy to commit bank fraud and, at a second sentencing hearing, received, *inter alia*, two years' imprisonment, a higher term than his advisory Guidelines sentencing range of zero to six months.  Contesting that sentence, Utimissov contends:  the district court imposed an upward departure without notifying him of its intent to do so, in violation of Federal Rule of Criminal Procedure 32(h); and that lack of notice constitutes procedural error.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Although post-*Booker*, the Sentencing Guidelines are advisory only, and a properly preserved objection to an ultimate sentence is reviewed for reasonableness under an abuse-of-discretion standard, the district court must still properly calculate the Guideline-sentencing range for use in deciding on the sentence to impose. *Gall v. United States,* 552 U.S. 38, 51 (2007). In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error.  *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008); *United States v. Villegas*, 404 F.3d 355, 359 (5th Cir. 2005).

Because Utimissov failed to present his contentions regarding his sentence in district court, review is only for plain error. *E.g.*, *United States v. Dominguez-Alvarado*, 695 F. 3d 324, 327 (5th Cir. 2012).  For reversible plain error, Utimissov must show a clear or obvious error that affected his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009).  He fails to do so for each issue raised.

For Utimissov's lack-of-notice contention, the court accounted for the advisory Guidelines and the 18 U.S.C. § 3553(a) sentencing factors, emphasizing the seriousness of Utimissov's actions and his lack of criminal history.  The court also adopted the victim's urging, at both sentencing hearings, that a severe sentence was necessary for deterrence.  Because the court accounted for the Guidelines, but imposed an above-Guidelines sentence based on the § 3553(a) factors, the sentence constitutes a variance rather than a departure. *E.g.*, *United States v. Mejia-Huerta*, 480 F.3d 713, 721 (5th Cir. 2007).  Therefore, the court was not required to give notice of its intent to impose an above-Guidelines sentence. *Irizarry v. United States*, 553 U.S. 708, 713-16 (2008).

For his concomitant procedural-error contention, and as discussed above, Utimissov has not shown such error, *Gall*, 552 U.S. at 51; again, he was not entitled to notice of an intent to impose an above-Guidelines sentence, *Irizarry*,

553 U.S. at 713-16.  Nor has Utimissov otherwise shown any error regarding either the procedural or substantive reasonableness of his sentence.

AFFIRMED.