**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
October 2, 2013

Lyle W. Cayce
Clerk

No. 12-11244
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

LEOBARDO BAILON-RENTERIA, also known as Leo Renteria-Balone, also known as Leobardo Bailey, also known as Jose Renteria-Morales, also known as Julian Pallon, also known as Julian Pullon, also known as Leberdo Bailon-Renteria, also known as Leonardo Ramos, also known as Lebordo Bailon-Renteria, also known as Pedro Pardres, also known as Larvardo Ballon, also known as Leonardo Bailon-Morales, also known as Leonardo Morales-Bailon, also known as Leo Balon, agent of Jose Rentiria-Morales,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:12-CR-118-1

Before STEWART, Chief Judge, and SMITH and DENNIS, Circuit Judges.
PER CURIAM:[*]

Leobardo Bailon-Renteria (Bailon) pleaded guilty to being illegally present in the United States following removal and was sentenced to a 48-month term of imprisonment to be followed by a three-year term of supervised release. The

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

district court indicated that the 48-month sentence of imprisonment was a variance from the guidelines range of 18-24 months of imprisonment and that, in the alternative, the sentence was a departure pursuant to U.S.S.G. § 4A1.3(a).

Attacking the sentence as a departure, Bailon contends that the district court erred by failing to make findings required under § 5K2.0(a)(3). It is unnecessary to consider whether the district court erred in imposing a departure because, as discussed below, the sentence may be affirmed as an upward variance. *See United States v. Bonilla*, 524 F.3d 647, 656-59 (5th Cir. 2008); *United States v. Mejia-Huerta*, 480 F.3d 713, 723 & n.43 (5th Cir. 2007).

Bailon asserts that the district court abused its discretion by both (1) finding that a sentence in excess of 24 months would be greater than necessary to achieve the statutory purposes of sentencing and (2) imposing a 48-month sentence. He contends that, by operation of statute, specifically 28 U.S.C. § 994(b), the establishment of a guidelines range entails a determination that a sentence above that range is greater than necessary to achieve the goals of sentencing set forth in 18 U.S.C. § 3553(a). Relying on *Koon v. United States*, 518 U.S. 81, 100 (1996), Bailon argues that the district court reached an erroneous legal conclusion when it determined that a 24-month sentence was greater than necessary and yet, by imposing a 48-month sentence, also determined that a sentence greater than 24 months was not greater than necessary.

Following *United States v. Booker*, 543 U.S. 220, 245 (2005), which rendered the guidelines range "effectively advisory," this court identified three types of sentences that a district court could impose: (1) a sentence within the guidelines range; (2) a "departure" based on the Guidelines, and (3) a non-guidelines sentence or "variance" outside the guidelines range and based on § 3553(a) factors. *United States v. Brantley*, 537 F.3d 347, 349 (5th Cir. 2008). As we noted above, the district court characterized Bailon's sentence as an upward variance or, in the alternative, an upward departure. As a variance, the

sentence imposed by the district court was authorized under this court's jurisprudence and does not represent an abuse of discretion merely because it was above the advisory guideline range. *See id.*

Further, although the district court adopted the presentence report (PSR), in doing so it did not indicate that it was making a determination that a sentence of no more than 24 months – the top of the guidelines range – would be sufficient to satisfy the sentencing objectives of § 3553(a). Indeed, the district court stated at sentencing that it was adopting the conclusions set forth in the PSR as modified or supplemented by any conclusions expressed from the bench. The district court went on at sentencing to express its determination that a sentence of 48 months of imprisonment was necessary to address the sentencing considerations of § 3553(a), and it explained at length its decision to upwardly vary from the guidelines range with references to Bailon's extensive criminal history and his multiple illegal reentries into the United States after removal.

Bailon fails to establish that the district court reached an erroneous legal conclusion or that there was reversible error in the imposition of a non-Guidelines sentence. Accordingly, the judgment of the district court is AFFIRMED.