# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-30016
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

August 22, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

DAMARIO HENDERSON,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:10-CR-302-8

Before JOLLY, BARKSDALE, and OWEN, Circuit Judges.

PER CURIAM:[*]

Damario Henderson appeals his 36-month concurrent sentences imposed following his guilty-plea convictions for: conspiracy to defraud the United States, in violation of 18 U.S.C. § 371; and health-care fraud, in violation of 18 U.S.C. §§ 1347 and 2. The sentences represented either an upward departure from the advisory Guidelines-sentencing range, pursuant to Guideline § 4A1.3 (departures based on inadequacy of criminal history category) or an upward

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

variance, pursuant to the 18 U.S.C. § 3553(a) factors. As explained below, Henderson challenges both the procedural and substantive reasonableness of his sentences.

Although post-*Booker*, the Sentencing Guidelines are advisory only, and a properly preserved objection to an ultimate sentence is reviewed for reasonableness under an abuse-of-discretion standard, the district court must still calculate properly the Guidelines-sentencing range for use in deciding on the sentence to impose. *Gall v. United States,* 552 U.S. 38, 51 (2007). In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008). But, Henderson did not object, on the grounds raised on appeal, in district court to the procedural or substantive reasonableness of the sentences; therefore, review is only for plain error. *United States v. Peltier*, 505 F.3d 389, 391–92 (5th Cir. 2007).

Under that standard, Henderson must show a forfeited plain (clear or obvious) error that affected his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he does so, we have the discretion to correct the error, but should do so only if it seriously affects the fairness, integrity, or public reputation of the proceedings. *Id.*

Henderson contends the sentence is procedurally unreasonable because the district court did not adequately explain the extent of its departure or variance or why a lesser sentence would not satisfy the § 3553(a) requirements. To the contrary, the record confirms the district court provided adequate, fact-specific reasons for the selected sentence, stating the 36-month sentences were intended to protect society and deter similar, future offenses. The court also noted Henderson's lengthy criminal history, the likelihood he would continue to commit other crimes, and the § 3553(a) factors. *See Gall*, 552 U.S.

at 50. Further, the court's explanation allows for meaningful appellate review and promotes the perception of fair sentencing. *See United States v. Whitelaw*, 580 F.3d 256, 264 (5th Cir. 2009). Accordingly, the district court did not commit the requisite clear or obvious error in explaining the sentence.

Henderson next contends the court failed to follow the incremental method for calculating the extent of the departure, as set forth in Guideline § 4A1.3(a)(4)(B) (upward departures from category VI). The district court, however, imposed alternatively a non-Guidelines variance, to which the incremental approach does not apply. *See United States v. Mejia-Huerta*, 480 F.3d 713, 723 (5th Cir. 2007) (reviewing, for harmless error, application of § 4A1.3 because non-Guidelines sentence was also based on consideration of § 3553(a) factors). Again, the requisite clear or obvious error is lacking.

Finally, Henderson contends his sentence is substantively unreasonable because the court: disregarded the sentencing disparity between him and his co-conspirators; and failed to properly consider the § 3553(a) factors. The court listened to Henderson's counsel and, as discussed above, made an individualized assessment based on, *inter alia*, Henderson's personal history and characteristics. His challenge to the 36-month sentence amounts to no more than a disagreement with the court's balancing of the § 3553(a) factors. This court, however, is highly deferential on such balancing because "the sentencing court is in a better position to find facts and judge their import under the § 3553(a) factors". *United States v. Hernandez*, 633 F.3d 370, 375 (5th Cir. 2011).

Additionally, this court has upheld variances and departures greater than the increase to Henderson's sentences, from the top-of-the-Guidelines-range 18 months' imprisonment to 36 months. *See United States v. Brantley*, 537 F.3d 347, 349–50 (5th Cir. 2008); *United States v. Jones*, 444 F.3d 430,

No. 14-30016

441–42 (5th Cir. 2006).  The court, acting within its discretion, did not commit the requisite clear or obvious error in imposing Henderson's sentence.

AFFIRMED.