# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-30022
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
September 28, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JAMAL HOLLAND, also known as Westside,

Defendant-Appellant

Appeals from the United States District Court
for the Western District of Louisiana
USDC No. 5:14-CR-114

Before DAVIS, JONES, and GRAVES, Circuit Judges.

PER CURIAM:*

Jamal Holland pleaded guilty pursuant to a written plea agreement to one count of distribution of methamphetamine. At sentencing, the district court determined, in accord with the presentence report, that Holland's advisory guidelines range was 110 to 137 months. The district court sentenced Holland to an above guidelines sentence of 173 months of imprisonment. In

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

his sole issue on appeal, Holland argues that the district court plainly erred by sua sponte departing upward from the applicable advisory guidelines range.

As Holland concedes, review is for plain error because he did not object to his sentence in the district court on the same ground asserted on appeal. *See United States v. Milton*, 147 F.3d 414, 420 (5th Cir. 1998). To establish plain error, Holland must show a forfeited error that is clear or obvious and that affects his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes such a showing, this court has the discretion to correct the error but will do so only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *See Puckett*, 556 U.S. at 135.

Holland's argument is flawed because contrary to his assertions, the sentence imposed did not represent a departure from the guidelines range. Where a sentencing court calculates the guidelines range and imposes a sentence outside of that range based on the 18 U.S.C. § 3553(a) factors, that sentence constitutes a variance rather than a departure. *United States v. Mejia-Huerta*, 480 F.3d 713, 721 (5th Cir. 2007). A court imposes a departure, by contrast, when it applies a specified exception to the guidelines range permitted by the Guidelines themselves. *See id.*; *United States v. Smith*, 440 F.3d 704, 707 (5th Cir. 2006). Under Rule 32(h) of the Federal Rules of Criminal Procedure, the district court must provide the defendant with notice of its intent to impose an upward departure if such notice is not provided by the presentence report or the Government. However, such notice is not required before the district court imposes an upward variance because defendants, under an advisory guidelines system, can no longer expect a sentence within an applicable guidelines range. *Irizarry v. United States*, 553 U.S. 708, 713-16 (2008).

No. 15-30022

At sentencing, the district court explained that it had taken into account the Sentencing Guidelines as well as the § 3553(a) factors, including the nature and circumstances of Holland's offense, Holland's history and characteristics; the seriousness of the offense; and the need to provide just punishment, promote respect for the law, afford adequate deterrence to future criminal conduct, and protect the public from future crimes. The district court did not refer to the sentence as a departure from the Guidelines or cite to any departure provision in the Guidelines. Indeed, the district court referred to the sentence as a "nonguideline sentence." Moreover, in its written statement of reasons, the district court completed the section of the form devoted to sentences outside of the guidelines, selected the specific § 3553(a) factors it found relevant, and left blank the section devoted to departures.

Because the court accounted for the guidelines range but imposed a sentence outside of that range based on the § 3553(a) factors, the sentence constituted a variance rather than departure. *See Mejia-Huerta*, 480 F.3d at 721. Accordingly, the district court was not compelled to give notice that it intended to impose an above guidelines sentence. *See Irizarry*, 553 U.S. at 713-16. The district court committed no error, plain or otherwise. *See Puckett*, 556 U.S. at 135.

AFFIRMED.