# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-41532
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

August 10, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

NATHAN OLIVA, also known as Nathan Snitzel, also known as Nathan
Lokahi Pai,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:15-CR-146-1

Before DAVIS, CLEMENT, and COSTA, Circuit Judges.

PER CURIAM:[*]

Nathan Oliva appeals his 365-month sentence imposed following his
guilty plea to sex trafficking of a child.  He argues that his sentence, which
exceeds the advisory guidelines range of 235 to 293 months of imprisonment,
is substantively unreasonable because a guidelines range sentence would have

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

been sufficient to meet the goals of the sentencing factors in 18 U.S.C. § 3553(a).

Oliva did not object to the substantive reasonableness of the sentence in the district court; therefore, review is for plain error. To show plain error, Oliva must show a forfeited error that is clear or obvious and that affects his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *See id.*

In reviewing a non-guidelines sentence for substantive reasonableness, this court considers "the totality of the circumstances, including the extent of any variance from the Guidelines range." *United States v. Brantley*, 537 F.3d 347, 349 (5th Cir. 2008) (internal quotation marks and citation omitted). A non-guidelines sentence unreasonably fails to reflect the statutory sentencing factors set forth in § 3553(a) where it "(1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors." *United States v. Chandler*, 732 F.3d 434, 437 (5th Cir. 2013) (internal quotation marks and citation omitted). The district court must make an individualized assessment of the particular facts in the case. *Gall v. United States*, 552 U.S. 38, 50-51 (2007).

The district court adopted the findings in the presentence report, read Oliva's sentencing memorandum requesting a downward variance, heard the mitigating arguments made by Oliva's counsel, and listened to Oliva's allocution. It stated that it had considered the § 3553(a) factors and had determined that an upward variance was warranted in light of Oliva's personal history and characteristics, including his extensive criminal history, the need

No. 16-41532

for adequate punishment and deterrence and to protect the public from harm. The district court's reasons for imposing an upward variance were fact-specific and consistent with the § 3553(a) factors. *See Gall*, 552 U.S. at 50-51. The record does not reflect that the district court failed to take into account a factor that warranted significant weight or that it gave undue weight to an improper factor. *See United States v. Smith*, 440 F.3d 704, 708 (5th Cir. 2006).

Insofar as Oliva argues that the extent of the variance is unreasonable, this court has upheld greater upward variances. *See, e.g., Brantley*, 537 F.3d at 349-50; *United States v. Mejia-Huerta*, 480 F.3d 713, 723 (5th Cir. 2007).

Oliva has not demonstrated that the district court plainly erred in assessing the upward variance or that the sentence is substantively unreasonable. *See Puckett*, 556 U.S. at 135; *Smith*, 440 F.3d at 708. The sentence is AFFIRMED.