# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-11298
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
August 21, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

KENNETH SANCHEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:17-CR-103-1

Before HIGGINSON, COSTA, and HO, Circuit Judges.

PER CURIAM:[*]

Kenneth Sanchez appeals his above-guidelines sentence for possession of stolen mail in violation of 18 U.S.C. § 1708.  Sanchez challenges the substantive reasonableness of his 24-month prison sentence, arguing that the district court abused its discretion by improperly giving significant weight to his criminal history, which Sanchez contends consisted of only minor offenses. He also argues that the district court, in imposing an above-guidelines

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-11298

sentence, failed to provide "any discussion about moving incrementally across or down the sentencing table," as required by the policy statement in U.S.S.G. § 4A1.3.

Sanchez's sentence, a variance based on the 18 U.S.C. § 3553(a) factors, is 16 months above the top of his advisory sentencing range. Because the district court imposed a variance sentence, Sanchez's argument concerning § 4A1.3 is inapposite. *See United States v. Mejia-Huerta*, 480 F.3d 713, 723 (5th Cir. 2007).

The district court considered permissible factors under § 3553(a), including Sanchez's criminal history, the fact that his lenient punishments for his prior offenses had not deterred him from reoffending, and the fact that the guidelines range did not reflect the seriousness of his offense. The district court also considered the mitigating factors presented by Sanchez. The district court did not abuse its discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007); *United States v. Smith*, 440 F.3d 704, 708 (5th Cir. 2006).

AFFIRMED.