# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

December 26, 2019

Lyle W. Cayce
Clerk

No. 19-10181
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JUAN ANTONIO SANCHEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:18-CR-213-1

Before KING, GRAVES, and WILLETT, Circuit Judges.

PER CURIAM:[*]

Juan Antonio Sanchez appeals the 30-month term of imprisonment imposed following his conviction of being found in the United States without permission following removal. He argues that his sentence is substantively unreasonable because the district court varied upward from his advisory guidelines range based primarily on petty criminal conduct committed when he was a juvenile.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-10181

We review criminal sentences, including those based on variances, for reasonableness. *Gall v. United States*, 552 U.S. 38, 49-51 (2007). We "consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard . . . tak[ing] into account the totality of the circumstances." *Id.* A sentence that varies from the guidelines range "unreasonably fails to reflect" the 18 U.S.C. § 3553(a) factors if "it (1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors." *United States v. Diehl*, 775 F.3d 714, 724 (5th Cir. 2015).

Sanchez has not shown that the district court gave significant weight to an improper factor by considering his juvenile adjudications and unadjudicated juvenile criminal conduct. A district court may consider a defendant's criminal history in imposing a non-Guideline sentence. *United States v. Smith*, 440 F.3d 704, 709 (5th Cir. 2006).

Nor has Sanchez shown that the district court made a clear error of judgment in balancing the sentencing factors by giving too much weight to his criminal history. The totality of the circumstances in Sanchez's case, considered in light of the § 3553(a) factors, supports the sentence imposed. *See Gall*, 552 U.S. at 51; *Diehl*, 775 F.3d at 724. We defer to the district court's determination that those factors, on the whole, justify the extent of the variance, which is within the range of upward variances this court has affirmed in the past. *See e.g., United States v. Brantley*, 537 F.3d 347, 348-50 (5th Cir. 2008); *United States v. Mejia-Huerta*, 480 F.3d 713, 717, 723 (5th Cir. 2007).

The judgment of the district court is AFFIRMED.