# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
September 25, 2020

Lyle W. Cayce
Clerk

No. 19-11038
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

ROBERT GABRIEL GUZMAN,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:19-CR-121-1

Before HIGGINBOTHAM, JONES, and COSTA, *Circuit Judges*.

PER CURIAM:*

Robert Gabriel Guzman appeals the non-Guidelines sentence imposed following his guilty-plea conviction for possession with the intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). Guzman argues that his sentence is procedurally and substantively

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 19-11038

unreasonable because the district court did not consider whether an upward departure under the Guidelines was appropriate before imposing an upward variance and the district court failed to address his purported arguments urging application of U.S.S.G. § 4A1.3 in lieu of an upward variance.

Sentences, whether inside or outside the advisory guidelines range, are reviewed under an abuse of discretion standard for procedural error and substantive reasonableness. *Gall v. United States*, 552 U.S. 38, 51 (2007). Guzman's argument that the district court should have first considered whether an upward departure under the Guidelines was appropriate before imposing an upward variance is unavailing. A district court is not required to "comply with or consult" § 4A1.3 of the Guidelines prior to the consideration or imposition of a non-Guidelines sentence. *United States v. Mejia-Huerta*, 480 F.3d 713, 723 (5th Cir. 2007).

As to Guzman's argument that the district court failed to address his § 4A1.3 argument, we find that Guzman's arguments prior to the district court's imposition of sentence did not mention § 4A1.3 or sufficiently apprise the district court that Guzman was urging the court to consider an upward departure in lieu of an upward variance. *See United States v. Musa*, 45 F.3d 922, 924 n.5 (5th Cir. 1995). Thus, we find no error in the district court's failure to address an argument that was not clearly made.

As to Guzman's argument that the district court failed to address his § 4A1.3 argument made after the district court imposed his sentence, we hold that any such error was harmless, as the district court would have imposed the same sentence regardless of whether it explicitly addressed Guzman's post-sentencing objection. *See United States v. Delgado-Martinez*, 564 F.3d 750, 752-53 (5th Cir. 2009).

Lastly, Guzman's non-guidelines sentence of 180 months of imprisonment, a 65-month variance from the top of his 92-to-115-month

No. 19-11038

advisory guidelines range, is substantially reasonable.  Guzman's sentence is supported by several 18 U.S.C. § 3553(a) factors; is less than the authorized sentence of 20 years of imprisonment set forth in the statute of conviction, *see United States v. Williams*, 517 F.3d 801, 812-13 (5th Cir. 2008); and well within the range of upward departures or variances that this court has upheld, *see United States v. McElwee*, 646 F.3d 328, 345 (5th Cir. 2011).  Accordingly, in light of the record and the deference that this court affords to the district court's findings, we hold that the district court did not abuse its discretion when it imposed a non-guidelines sentence.

The judgment of the district court is **AFFIRMED**.