# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
April 12, 2022

Lyle W. Cayce
Clerk

No. 21-10873
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

David Cadena,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:19-CR-631-1

Before Davis, Jones, and Elrod, *Circuit Judges*.

Per Curiam:[*]

David Cadena appeals the sentence imposed following his guilty-plea conviction for carjacking resulting in serious bodily injury in violation of 18 U.S.C. § 2119(2). He argues that his 300-month above-guidelines sentence of imprisonment is substantively unreasonable because it was too harsh and

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

his applicable guidelines range already accounted for the various factors that the court cited as justification for an 179-month upward variance from the top of that range.

Cadena's challenge to the substantive reasonableness of his sentence was preserved, and our review is for abuse of discretion. *See Holguin-Hernandez v. United States*, 140 S. Ct. 762, 766-67 (2020); *United States v. Scott*, 821 F.3d 562, 567 (5th Cir. 2016). In reviewing an above-guidelines sentence for substantive reasonableness, this court considers "the totality of the circumstances, including the extent of any variance from the [g]uidelines range," to determine whether the 18 U.S.C. § 3553(a) factors support the sentence. *United States v. Fraga*, 704 F.3d 432, 440 (5th Cir. 2013) (internal quotation marks and citation omitted). A sentence is substantively unreasonable if it "(1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors." *United States v. Warren*, 720 F.3d 321, 332 (5th Cir. 2013) (internal quotation marks and citation omitted). "Appellate review for substantive reasonableness is highly deferential, because the sentencing court is in a better position to find facts and judge their import under the § 3553(a) factors with respect to a particular defendant." *Fraga*, 704 F.3d at 439 (internal quotation marks and citation omitted).

The record shows that the district court gave due consideration to the § 3553(a) factors and emphasized the nature and circumstances of the offense—which involved Cadena striking the victim with a fire extinguisher multiple times on the head and other parts of her body resulting in severe, near-death injuries—and the need to afford adequate deterrence, promote respect for the law, protect the public, and provide just punishment. Additionally, his argument that his sentence was substantively unreasonable because the district court based his sentence on aggravating factors that were

No. 21-10873

already factored into his guidelines range is foreclosed. *See United States v. Brantley*, 537 F.3d 347, 350 (5th Cir. 2008). Accordingly, Cadena has not shown that his sentence is substantively unreasonable. *See Warren*, 720 F.3d at 332. Moreover, the extent of the variance in this case is similar to others we have affirmed. *See United States v. Hebert*, 813 F.3d 551, 561-63 (5th Cir. 2015); *United States v. McElwee*, 646 F.3d 328, 344-45 (5th Cir. 2011); *United States v. Key*, 599 F.3d 469, 475-76 (5th Cir. 2010); *United States v. Mejia-Huerta*, 480 F.3d 713, 717, 723 (5th Cir. 2007).

The district court's judgment is AFFIRMED.